UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 19-CV-5693 (CBA) (RER)

———————————

THE CITY OF NEW YORK,

Plaintiff,

VERSUS

ARTISAN VAPOR FRANCHISE LLC, CENTRAL VAPORS LLC, CRAVINVAPES LLC, E-CIGARETTE EMPIRE LLC, E-CIG CITY 4, E-CIG CITY MISSION VIEJO LLC, THESY, LLC, ELIQUIDSTOP.COM, HEATHER'S HEAVENLY VAPES, LLC, HUMBLE JUICE CO. LLC, INLINE VAPE, LLC, JP VENTURES LLC, OM VAPOR, LLC, VAPOR 4 LIFE HOLDINGS, INC., THE VAPE MALL LLC, UVAPER LLC, VAPING WATCH INC, VAPOR AUTHORITY, INC., VAPORFI, INC., INTERNATIONAL VAPOR GROUP, LLC, VEPPO INTERNATIONAL LLC, VGOD INC, LEAD BY SALES, LLC, AND ZAMPLEBOX, LLC,

Defendants.

———————————

**REPORT & RECOMMENDATION**

November 2, 2020

———————————

TO THE HONORABLE CAROL B. AMON
SENIOR UNITED STATES DISTRICT JUDGE

**RAMON E. REYES, JR., U.S.M.J.:**

On October 8, 2019, the City of New York (the "City") brought this action pursuant to 28 U.S.C. § 1332 against twenty-two Defendants for selling electronic cigarettes ("e-cigarettes") in New York City in violation of New York City Administrative Code § 17-706(a-1) and for creating a public nuisance. (Dkt. No. 1 ("Compl.")). Defendant Vaping Watch Inc ("Defendant" or "Vaping

1

Watch") failed to answer or otherwise defend the action. On February 4, 2020, the Clerk of the Court entered default against it. (Dkt. No. 83). Subsequently, the City filed a Motion for Default Judgment against Defendant Vaping Watch, (Dkt. No. 99), and Your Honor referred the Motion to me for a Report and Recommendation. (Order dated 2/26/2020). For the reasons stated herein, I respectfully recommend that the City's Motion for Default Judgment be granted.

## BACKGROUND[1]

In the summer of 2019, the City engaged two women under the age of twenty-one but over the age of eighteen to make online purchases of electronic cigarette products from each Defendant under the supervision of the New York City Sheriff's Office. (Compl. ¶ 49). The electronic cigarette products were mailed to a New York City address controlled by the Sheriff's Office and deliveries made without requiring identification or signature. (Compl. ¶ 50).

Defendant Vaping Watch "is a Delaware corporation headquartered in Raleigh, NA" that sells electronic cigarettes online. (Compl. ¶¶ 33, 135). In August 2019, Vaping Watch sold an e-liquid containing nicotine to one of the underaged women engaged by the City and shipped the e-liquid to the New York City address controlled by the Sheriff's Office. (Compl. ¶¶ 15, 49–50, 135). "To access [Vaping Watch's] site and purchase the[ ] product[ ], it was only necessary that the purchaser click a button affirming that he or she is over [the] age of 18." (Compl. ¶ 135).

In addition, Vaping Watch markets its products via social media including with its Facebook, Twitter, Instagram, and Pinterest accounts. (Compl. ¶ 137). "Vaping Watch does not restrict access to its social media to individuals over 21." (Compl. ¶ 137).

---

[1] Unless otherwise indicated, the following factual allegations from the Complaint are taken as true. *See Bricklayers Ins. & Welfare Fund v. R. Smith Restoration*, No. 11-CV-3854 (FB) (RER), 2013 WL 2120306, at *2 (E.D.N.Y. Mar. 8, 2013), *R & R adopted by* 2013 WL 2119628 (May 15, 2013).

## LEGAL STANDARD

When considering default judgment under Federal Rule of Civil Procedure 55 ("Rule 55"), "the court must accept as true all well-pleaded allegations in the complaint." *Said v. SBS Elecs., Inc.*, No. 08-CV-3067 (RJD) (JO), 2010 WL 1265186, at *2 (E.D.N.Y. Feb. 24, 2010), *R&R adopted as modified by* 2010 WL 1287080 (Mar. 31, 2010). "Even so, 'after default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law.'" *Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) (quoting *Leider v. Ralfe*, No. 01 Civ. 3137, 2004 WL 1773330, at *7 (S.D.N.Y. July 30, 2004)).

In making the damages determination, the court is not bound by the well-pleaded allegations in the complaint. *Said*, 2010 WL 1265186, at *2. Rather, after a finding of liability, "[i]t is the court's responsibility to establish that damages have an evidentiary basis that can be ascertained with 'reasonable certainty.'" *Xin Long Lin v. New Fresca Tortillas, Inc.*, No. 18-CV-3246 (RJD) (RER), 2019 WL 3716199, at *2 (E.D.N.Y. May 1, 2019) (citing *Cement and Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 235 (2d Cir. 2012).

## DISCUSSION

The City seeks default judgment against Defendant Vaping Watch on two claims: (1) a violation of New York City Administrative Code § 17-706(a-1) and (2) public nuisance. As remedy, the City seeks a permanent injunction against Defendant Vaping Watch, enjoining it from further violating New York City Administrative Code § 17-706(a-1) and from marketing to New York City residents under the age of 21 as well as requiring it to implement certain age verification methods. (*See* Dkt. No. 101-1 ("Proposed Judgment")).

I. **Liability**

The City has sufficiently alleged its claims under the Administrative Code and for public nuisance.

A. **New York City Administrative Code Violation**

Under New York City law, "[a]ny person operating a place of business wherein electronic cigarettes are sold or offered for sale is prohibited from selling such electronic cigarettes to individuals under twenty-one years of age." New York City Administrative Code § 17-706(a-1). The law defines electronic cigarettes to include e-liquid. New York City Administrative Code § 17-702(bb); New York City Administrative Code § 20-560. Here, the City has sufficiently alleged that Vaping Watch sold e-liquid to an individual under the age of twenty-one. (Compl. ¶¶ 15, 49–50, 135). Therefore, I respectfully recommend the Court grant the City's Motion for Default Judgment on its Administrative Code claim.

B. **Public Nuisance**

"A public nuisance 'is an offense against the State and is subject to abatement or prosecution on application of the proper governmental agency.'" *Janki Bai Sahu v. Union Carbide Corp.*, 528 F. App'x 96, 101 (2d Cir. 2013) (quoting *Copart Indus. v. Consol. Edison Co. of New York*, 41 N.Y.2d 564, 568 (N.Y. 1977)). To sufficiently plead a claim of public nuisance under New York law,[2] "a plaintiff must allege: (1) the existence of a public nuisance; [and] (2) conduct or omissions by a defendant that create, contribute to, or maintain the public nuisance."[3] *Hicksville*

---

[2] The Court assumes the City is bringing its action under New York common law despite the fact that neither the Complaint nor the motion papers indicate under what law it brings the suit. Nor does the City cite any caselaw in its motion papers such that the Court might infer the same.

[3] A third element exists for private plaintiffs only. "[A] private plaintiff must show that it has suffered a special injury before a successful claim for public nuisance will lie." *N.A.A.C.P. v. AcuSport, Inc.*, 271 F. Supp. 2d 435, 449

4

*Water Dist. v. Philips Elec. North America Corp.*, No. 17-CV-4442 (ADS) (ARL), 2018 WL 1542670, at *7 (E.D.N.Y. Mar. 29, 2018).

First, the City sufficiently alleges the existence of a public nuisance, defined as "a substantial interference with the exercise of a common right of the public,' thereby 'endangering or injuring the property, health, safety or comfort of a considerable number of persons.'" *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 725 F.3d 65, 121 (2d Cir. 2013) (quoting *532 Madison Ave. Gourmet Foods v. Finlandia Ctr.*, 96 N.Y.2d 280, 292 (N.Y. 2001)). The alleged public nuisance is the "epidemic of underage e-cigarette use," which endangers the health of New York City youth. (Compl. ¶ 14). The City alleges specific facts in support of its argument that such a public nuisance exists. (*See* Compl. ¶¶ 2–14). In addition, the fact that the City passed Administrative Code § 17-706, prohibiting the sale of e-cigarettes to people under the age of twenty-one further supports the allegation that a public nuisance exists. The argument is made stronger by the fact that, in passing Section 17-706, the City expressly noted its intent to "'reduce electronic cigarette use among youth and prevent the emergence of a new generation that is addicted to nicotine.'" (Compl. ¶ 13).

Second, the City sufficiently alleges that Vaping Watch's conduct created, contributed to, or maintained the public nuisance.[4] The City alleges that Vaping Watch sold an e-liquid containing nicotine to a woman in New York City under the age of twenty-one. (Compl. ¶¶ 49–50; 135). The

---

(E.D.N.Y. 2003). This third element "does not apply to a suit brought by a governmental entity such as . . . the Corporation Counsel for the City of New York" and thus is not considered here. *Id.*

[4] While Vaping Watch's alleged conduct alone is small in scale, it can still be held liable for public nuisance. *City of New York v. A-1 Jewelry & Pawn, Inc.*, 247 F.R.D. 296, 347 (E.D.N.Y. 2007) ("Where it is difficult or impossible to separate the injury caused by one contributing actor from that caused by another and where each contributing actor's responsibility individually does not constitute a substantial interference with a public right, defendants may still be found liable for conduct creating in the aggregate a public nuisance if the suit is one for injunctive relief.").

5

City argues that this purchase, combined with Vaping Watch's lack of age verification at the point of sale and at the point of delivery supports an inference that anyone in New York City under the age of twenty-one could purchase and obtain an e-liquid from Vaping Watch. (Compl. ¶ 51). In addition, the City alleges Vaping Watch's sale of e-liquids "designed to mimic flavors that appeal to children" combined with its failure to implement age-gating methods on its social media accounts where it markets e-cigarette products creates, contributes to, or maintains the public nuisance of underage e-cigarette use. (Compl. ¶¶ 136–37; 52–63).

These allegations are sufficient to plead a public nuisance claim. *See City of New York v. Milhelm Attea & Bros., Inc.*, 550 F. Supp. 2d 332, 350–51 (E.D.N.Y. 2008) (finding the City sufficiently alleged a public nuisance claim "for remote sales of cigarettes to New York City residents and underage smokers," thus endangering their health). Therefore, I respectfully recommend the Court grant the City's Motion for Default Judgment on its public nuisance claim.

## II. Injunctive Relief

The City seeks a permanent injunction that would enjoin Defendant Vaping Watch from engaging in five activities related to its violations of the law. (*See* Proposed Judgment). Injunctive relief is an appropriate remedy for both the Administrative Code violation and common law public nuisance. *See* New York City Administrative Code § 17-710(d); *City of New York v. Smart Apartments LLC*, 959 N.Y.S.2d 890, 894 (N.Y. Sup. Ct. 2013).

Federal Rule of Civil Procedure 65 ("Rule 65") governs injunctions. Rule 65(d) requires that "[e]very order granting an injunction and every restraining order must: . . . state its terms specifically; and describe in reasonable detail . . . the act or acts restrained or required." FED. R. CIV. P. 65(d). "Although a district court has 'a wide range of discretion in framing an injunction

in terms it deems reasonable to prevent wrongful conduct,' it is nonetheless 'the essence of equity jurisdiction' that a court is only empowered 'to grant relief no broader than necessary to cure the effects of the harm caused by the violation.'" *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 144 (2d Cir. 2011) (quoting *Forschner Grp., Inc. v. Arrow Trading Co.*, 124 F.3d 402, 406 (2d Cir. 1997)).

The City requests that the Court permanently enjoin Vaping Watch from:

1) Engaging in conduct that violates New York City Administrative Code § 17-706(a-1);

2) Shipping or causing to be shipped any electronic cigarette as defined in New York City Administrative Code § 17-702(bb) to any New York City resident under the age of twenty-one;

3) Shipping or causing to be shipped any electronic cigarette as defined in New York City Administrative Code § 17-702(bb) to any address located within the City of New York without first verifying that the recipient is at least twenty-one years of age through an independent, third-party age and identity verification service that compares customer information against reliable data, such as public records;

4) Shipping or causing to be shipped any electronic cigarette as defined in New York City Administrative Code § 17-702(bb) to any address located within the City of New York without requiring a signature from someone at least twenty-one years of age at the point of delivery;

5) Targeting New York City residents under the age of twenty-one when advertising or marketing electronic cigarettes as defined in New York City Administrative Code § 17-702(bb) on any online platform.

(Proposed Judgment).

The language in the City's Proposed Judgment suffers from defects, making it problematic under the Second Circuit's tailoring rules and Rule 65(d). Specifically, the fifth point in the Proposed Judgment prohibits Vaping Watch from targeting New York City residents under the age of twenty-one through marketing and advertising. This prohibition "does not describe in reasonable detail . . . the act or acts restrained or required, nor does it provide explicit notice of

7

precisely what conduct is outlawed." *Mickalis Pawn Shop, LLC*, 645 F.3d at 144 (quoting *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974)) (internal quotation marks and citations omitted).

The second point would prohibit Vaping Watch from shipping electronic cigarettes to any New York resident under the age of twenty-one. However, such a prohibition is unnecessarily overbroad and too difficult to implement effetively. A resident of New York City does not necessarily live in New York City all of the time. For example, students who are New York City residents may spend the school year at an out-of-state college or university. As such, it would be inappropriate to prohibit Vaping Watch from shipping electronic cigarettes to New York City residents who are temporarily residing outside of the City as it would be impracticable if not impossible to determine whether such a person is a New York City resident. Moreover, such an injunction would risk usurping the laws of the jurisdiction where the New York City resident is temporarily staying. Finally, other portions of the Proposed Judgment should suffice to protect against the shipment of electronic cigarettes to individuals in New York City under the age of twenty-one.

Upon examination of the numerous consent orders the City has entered into with other parties to this suit, it seems that these defects in the Proposed Judgment have been addressed. (*See* Dkt. Nos. 60–63, 66, 69–70, 73–75, 81, 87–90, 95–97, 106, 118). In the approved consent orders with other parties, the prohibition against targeting New York City residents under the age of twenty-one when marketing or advertising exists but is significantly altered to provide more detail of the prohibited activities. In addition, the broad prohibition against shipping to New York City residents under the age of twenty-one does not appear in the consent orders. Accordingly, I respectfully recommend that the second point in the Proposed Judgment be removed and the fifth point be altered to read:

8

5) To the extent reasonably possible, Vaping Watch shall use all available age-gating features on all of its social media accounts to restrict access by individuals in New York under the age of twenty-one whenever possible, including but not limited to the following specific steps:

   a. Vaping Watch shall restrict access to its Facebook and Instagram content to prevent individuals in New York City identifying themselves as under the age of twenty-one;
   b. Vaping Watch shall mark all of its Twitter content as 'sensitive';
   c. Vaping Watch shall exclude individuals under the age of twenty-one in New York City from its targeted demographic whenever pushing targeted advertising on any online platform.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that the City's Motion for Default Judgment be granted and that its Proposed Judgment be entered with the alterations outlined above. The City is hereby directed to serve copies of this Report and Recommendation upon Defendant Vaping Watch by regular and certified mail and to file proof of service with the Clerk of the Court. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Carol B. Amon within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

RESPECTFULLY RECOMMENDED.

**/s/  Ramon E. Reyes, Jr.**

RAMON E. REYES, JR.
United States Magistrate Judge

Dated: November 2, 2020
Brooklyn, NY